**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**CHRISTOPHER DEWAYNE HOLT** **PLAINTIFF**

**V.** **NO. 3:26-cv-296-DPM-ERE**

**DALE COOK, *et al.*** **DEFENDANTS**

# ORDER

*Pro se* plaintiff Christopher Dwayne Holt, an inmate at the Mississippi County Detention Center, filed this 42 U.S.C. § 1983 case. *Doc. 2*. Because Mr. Holt's original complaint is deficient, I will postpone the screening process to give Mr. Holt the opportunity to file an amended complaint clarifying his constitutional claims.[1] If Mr. Holt fails to file an amended complaint, I will screen his original complaint, which will likely result in the dismissal of Mr. Holt's claims and this lawsuit.

## I. Pleading Deficiencies

### A. Complaint Allegations

Mr. Holt's complaint generally alleges that, since he has been incarcerated, Detention Center staff have interfered with his ability to practice his religion in

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, the Court must accept as true the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

violation of his First Amendment rights. He sues Sheriff Dale Cook, Captain B. McCollum, Lieutenant M. McClain, and Chaplain Wright in both their individual and official capacities seeking monetary and injunctive relief.

**B. First Amendment Claim**

The Free Exercise Clause of the First Amendment prevents prison officials from substantially burdening a prisoner's sincerely held religious belief. *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 813 (8th Cir. 2008). To constitute a "substantial burden" in this context, a defendant's conduct must:

> significantly inhibit or constrain conduct or expression that manifests some central tenet of a person's individual religious beliefs; must meaningfully curtail a person's ability to express adherence to his or her faith; or must deny a person reasonable opportunities to engage in those activities that are fundamental to a person's religion.

*Mbonyunkiza v. Beasley*, 956 F.3d 1048, 1053 (8th Cir. 2020); *Patel*, 515 F.3d at 813. If complained-of government action or policy substantially burdens an inmate's sincerely held beliefs, it is nonetheless valid if "reasonably related to legitimate penological interests." *Gladson v. Iowa Dept, of Corrs.*, 551 F.3d 825, 831-32 (8th Cir. 2009) (quoting *Turner v. Safely*, 483 U.S. 78, 89 (1987)). When making that determination, a court must consider whether: (1) there is a valid rational connection between the prison regulation and the government interest justifying it; (2) there is any alternative means for the inmate to exercise that right; (3) an accommodation would have a significant ripple effect on guards, other inmates, and prison resources;

and (4) there is an alternative that fully accommodates the prisoner at de minimis cost to valid penological interests. *Turner*, 482 U.S. at 89-91; *Gladson*, 551 F.3d at 831.

Here, Mr. Holt does not explain what sincere religious beliefs he holds, nor does he allege how any individual Defendant has substantially burdened his ability to practice his religion. As a result, as stated, Mr. Holt has failed to state a plausible First Amendment claim against any Defendant.

## II. Guidelines for Filing Amended Complaint

Mr. Holt has thirty days to file an amended complaint. If Mr. Holt files an amended complaint, he should: (1) describe what sincere religious beliefs he holds; and (2) explain how each specific Defendant substantially burdened his ability to practice his religion.

Mr. Holt's amended complaint, if filed, will supersede or replace the current complaint. See *In re Atlas Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000) (holding that an amended complaint supersedes an original complaint and renders the original complaint without legal effect). So, Mr. Holt should make sure that his amended complaint includes all allegations relevant to the claim(s) he wants to pursue in this lawsuit. Also, Mr. Holt should not rely upon, or incorporate by reference, any allegations made in his complaint. In other words, Mr. Holt's amended complaint, if filed, will stand alone.

Finally, Mr. Holt's amended complaint need include only a "short and plain statement" showing that he is entitled to relief, with factual allegations that are "simple, concise, and direct." FED. R. CIV. P. 8(a)(1) & (d). At this early stage, there is no need to identify witnesses or to describe evidence he may rely on later to prove his claim.

**III. <u>Conclusion</u>**

IT IS THEREFORE ORDERED THAT:

1. Mr. Holt may file an amended complaint within thirty (30) days of the entry of this Order.

2. If Mr. Holt fails to file an amended complaint, the Court will screen the original complaint, which is likely to result in the dismissal of Mr. Holt's claims.

3. The Clerk is instructed to provide Mr. Holt a blank 42 U.S.C. § 1983 complaint form, along with a copy of this Order.

DATED 26 October 2026.

UNITED STATES MAGISTRATE JUDGE